**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:26-cv-60886-LEIBOWITZ**

**BRAYAN OLMO-GARCIA**,

     *Petitioner,*

*v.*

**WARDEN OF BROWARD**
**TRANSITIONAL CENTER,** *et al.*,

     *Respondents.*

_____/

### ORDER TO SHOW CAUSE

     **THIS CAUSE** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (the "Petition") [ECF No. 1], filed on March 30, 2026.  Petitioner is currently being detained at the Broward Transitional Center in Pompano Beach, Florida.  [*Id.* at 1].  Before addressing the merits of the Petition, the Court must determine whether it may properly exercise jurisdiction over this action and whether Respondents are properly named as parties.

     It is well-settled that a court has jurisdiction to consider a habeas corpus petition only if the court has jurisdiction over the proper respondent to the petition.  *See Campbell v. Wolf*, No. 20-cv-20768, 2020 WL 2109933, at *1 (S.D. Fla. Feb. 26, 2020) (Williams, J.) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004)).  "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is the person who has custody over the petitioner."  *Id.* (cleaned up). That is, the proper respondent is the "immediate custodian" of the prisoner with the ability to produce the prisoner's body before the habeas court.  *Id.*  "A district court acts within its respective jurisdiction within the meaning of § 2241 as long as the custodian can be reached by service of process."  *Id.* (alteration adopted) (quoting *Rasul v. Bush*, 542 U.S. 466, 478–79 (2004)).

     There are several named Respondents in this case.  Petitioner alleges that Cynthia Swain, the

Warden of Broward Transitional Center, is Petitioner's legal custodian.  [ECF No. 1 ¶ 21].  However, all other Respondents, including U.S. Immigration and Customs Enforcement, are not the "immediate custodians" of Petitioner.  They are only supervisory officials.  Therefore, they must be dismissed from the case.  *See Campbell*, 2020 WL 2109933, at *1; *see also Jarrett v. U.S. Att'y Gen.*, No. 23-20790-CIV, 2024 WL 4165273, at *1 n.1 (S.D. Fla. Feb. 7, 2024) (Singhal, J.) ("In cases involving present physical confinement, the Supreme Court reaffirmed . . . that 'the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent.'" (quoting *Rumsfeld*, 542 U.S. at 439)).

Accordingly, upon due consideration, it is **ORDERED AND ADJUDGED** as follows:

1. Any removal proceedings to which Petitioner is now or may be subjected shall be **ADMINISTRATIVELY STAYED** pending the resolution of the Petition.  Respondent Swain **SHALL NOT** transfer or remove Petitioner outside of the geographical boundaries of the Southern District of Florida during the pendency of these proceedings and until further Order of this Court.

2. Respondent Swain shall **SHOW CAUSE** in writing justifying Petitioner's detention and shall produce a copy of the full record of Petitioner's arrest, detention, removal proceedings (including any orders of the administrative law judge already issued), and any other documents necessary for the resolution of the Petition, **no later than April 3, 2026**. *See* 28 U.S.C. § 2243 (stating that a response to an order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed").  Petitioner may, but is not required to, file a reply to Respondent's response **no later than April 6, 2026**.

3. Counsel for Respondent Swain shall *immediately* notify the Court upon receipt of this Order of the name of the Assistant United States Attorney or other attorney for the

2

Government to whom the case is assigned.

4.  The *Clerk* is **DIRECTED** to **DISMISS** all Respondents other than Cynthia Swain.

**DONE AND ORDERED** in the Southern District of Florida, on March 31, 2026.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:    counsel of record

3